**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 25, 2020

*Application GRANTED. The motion schedule set forth within is hereby ADOPTED. The Clerk of Court is directed to terminate Doc. #158. SO ORDERED.*

*June 26, 2020*

**BY ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   United States v. Hector Dominguez-Gabriel,
         09 Cr. 157 (JMF)

Dear Judge Furman:

On or about June 17, 2020, the defendant Hector Dominguez-Gabriel filed a *pro se* motion for reconsideration of the Court's denial of his request for compassionate release pursuant to 18 U.S.C. § 3582(c) on the grounds the Dominguez-Gabriel has not yet exhausted his administrative remedies, as required by 18 U.S.C. § 3582(c)(1) (the "Motion for Reconsideration" or "Mot."). Dominguez-Gabriel urges the Court to reconsider this denial and waive the exhaustion requirement, and asserts that he cannot exhaust his administrative remedies because the COVID-19-related precautions that CI North Lake, where Dominguez-Gabriel is current housed, has put into effect prevent him from doing so.  On or about June 18, 2020, the Court directed the Government to "address in detail the conditions of Defendant's confinement and whether and to what extent he has the ability to exhaust his administrative remedies," and appointed Steven Brill, Esq., to represent Dominguez-Gabriel.  On or about June 24, in response to Mr. Brill's request to augment Dominguez-Gabriel's motion, the Court ordered the parties to propose a briefing schedule.  The Government writes to address both orders.

**I.   Dominguez-Gabriel's Ability to Exhaust His Administrative Remedies**

In the Motion for Reconsideration, Dominguez-Gabriel asserts that he cannot file a request for compassionate release because, in light of the COVID-19 prevention measures that have been put into effect at Bureau of Prisons ("BOP") facilities, inmates are unable to access medical records and other documents that are necessary for those requests, are confined to their cells for a significant portion of the day, have difficulty meeting with counselors and other facility personnel who can assist with and receive requests, and are unable to access the law library or commissary. (Mot. 3-4).  I have been in contact with a BOP attorney who has confirmed that, as of May 7, 2020, the law library at CI North Lake is available to inmates by appointment via a request to staff.  I have not yet been able to obtain additional information regarding the conditions of Dominguez-

Gabriel's confinement at CI North Lake, including whether he is able to gain access to his medical records[1] or to meet with his counselor.

Additionally, Mr. Brill has directed my attention to the fact the CI North Lake is a privately-run facility and therefore may not be in a position to evaluate Dominguez-Gabriel for compassionate release. Were this the case, the Government would agree that Dominguez-Gabriel has effectively exhausted his administrative remedies. *See United States v. Hernandez*, 18 Cr. 834 (PAE), 2020 WL 1684062, at *2 (S.D.N.Y. Apr. 2, 2020) (in light of the fact that BOP was "structurally incapable of assessing [defendant's] circumstances . . . because [he] is in the custody of the United States Marshals at a private facility—not in the custody of the BOP," defendant, Government, and the Court agreed that the defendant had "exhausted his remedies within the BOP with respect to compassionate release"); *United States v. Daly*, 16 Cr. 281 (PGG) (S.D.N.Y), Dkt. 861 (Government letter noting that "the defendant cannot exhaust remedies within the Bureau of Prisons because the defendant is currently in the custody of the United States Marshals Service at a private prison"). However, my understanding is that, unlike the facility at issue in the *Hernandez* and *Daly* cases, some private facilities *are* accepting and reviewing inmates' requests for compassionate release so that the Bureau of Prisons ("BOP") can evaluate the requests and make a determination. I have contacted a BOP attorney to determine whether CI North Lake is accepting and reviewing compassionate release requests, but have not yet received an answer.

The Government therefore requests an additional week, until July 2, 2020, to provide the Court with information regarding Dominguez-Gabriel's ability to exhaust his administrative remedies under Section 3582(c)(1).

## II.  The Parties' Proposed Schedule

In light of the request above, the parties propose the following schedule, which is contingent on the Government's position regarding Dominguez-Gabriel's ability to exhaust his administrative remedies:

> July 2, 2020    Government's response to defendant's motion for reconsideration, including information regarding the conditions of his confinement and whether and to what extent he has the ability to exhaust his administrative remedies

**In the event that the Government does not agree that Dominguez-Gabriel has exhausted his administrative remedies:**

> July 10, 2020    Defendant's reply to Government's July 2 response

---

[1] On June 25, 2020, I provided Mr. Brill with a copy Dominguez-Gabriel's medical records that I received from CI North Lake.

**In the event that the Government agrees that Dominguez-Gabriel has exhausted his administrative remedies:**

- July 27, 2020  Defendant's submission of supplemented motion for compassionate release pursuant to Section 3582(c);

- July 31, 202  Government's response to supplemented motion for compassionate release.

Very truly yours,

AUDREY STRAUSS
Acting United States Attorney

by: _____
Benet J. Kearney
Assistant United States Attorney
(212) 637-2260

cc: Steven Brill, Esq.