```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
              -v-                                                 :    09-CR-157-1 (JMF)
                                                                  :
HECTOR DOMINGUEZ-GABRIEL,                                         :    MEMORANDUM OPINION
                                                                  :         AND ORDER
              Defendant.                                          :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Defendant Hector Dominguez-Gabriel was sentenced in 2011 by the Honorable Robert P. Patterson to 240 months' imprisonment following his conviction after trial of conspiring to commit money laundering and to import and distribute controlled substances. *See* ECF Nos. 85, 96 ("Sentencing Tr."). Proceeding without counsel, he now moves, pursuant to 18 U.S.C. § 3582(c), for a reduction of his sentence. *See* ECF No. 165 ("Def.'s Mem."). As relevant here, Section 3582 provides that the Court "may reduce" a defendant's term of imprisonment "if it finds" (1) "that . . . extraordinary and compelling reasons warrant such a reduction" *and* (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Fernandez*, 104 F.4th 420, 426-27 (2d Cir. 2024); *United States v. Brooker*, 976 F.3d 228, 233-37 (2d Cir. 2020).[1]

---

[1] Where, as here, a defendant himself moves for compassionate release, the statute also imposes a mandatory exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A). The Government does not dispute that Dominguez-Gabriel has satisfied the exhaustion requirement. *See* ECF No. 170 ("Gov't Opp'n"), at 7 n.4.

Dominguez-Gabriel contends that there are a variety of "extraordinary and compelling reasons" justifying a reduction of his sentence, namely (as helpfully summarized in the Government's Opposition): (1) "that he has shown 'sustained rehabilitation' through his 'exemplary conduct' by completing numerous educational, vocational, and therapeutic programs while also showing genuine remorse for his conduct"; (2) "that he is at greater risk for severe illness from COVID-19 because he suffers from chronic medical conditions"; (3) "that release is warranted because of chronic staff shortages, frequent and extended lockdowns, and inadequate access to medical care, exercise, education, and programming which have been 'exacerbated' by the COVID-19 pandemic while he has been incarcerated"; (4) "that his sentence would be substantially lower today based on [three] changes to the Guidelines": (a) "Amendment 814, which expanded the list of qualifying reasons for compassionate release"; (b) "Amendment 817,which expanded safety valve relief"; and (c) "Amendment 821, which provided for a Guidelines reduction for certain qualifying offenders with zero criminal history points." Gov't Opp'n 8-9 (citing Def.'s Mem. 2-5).

Upon review of the parties' submissions, Dominguez-Gabriel's motion is denied as meritless, substantially for the reasons stated by the Government in its opposition. *See* Gov't Opp'n 8-10. First, Dominguez-Gabriel's arguments — even taken together — do not rise to the level of "extraordinary and compelling reasons" within the meaning of the statute. *See Fernandez*, 104 F.4th at 427-29 (discussing the meaning of "extraordinary and compelling reasons"). First, his rehabilitation claim is belied by the fact that, less than five years ago, Dominguez-Gabriel engaged in a conspiracy to distribute multiple kilograms of cocaine *while in custody* — an offense for which he was sentenced to 120 months' imprisonment in the Eastern District of Pennsylvania. *See* Gov't Opp'n 3-4. Second, "the risks posed by COVID-19 . . .

have, thankfully, been substantially mitigated by widespread vaccination, and conditions today . . . are not, in the Court's view, dire enough to qualify as 'extraordinary and compelling.'" *United States v. Ortega*, No. 13-CR-814-1 (JMF), 2023 WL 2752160, at *1 (S.D.N.Y. Mar. 31, 2023). Third, Dominguez-Gabriel's complaint about the conditions of confinement lacks specificity, *see* Def.'s Mem. 4-5, and, in any event, challenges conditions that are closer to the ordinary incidents of incarceration than they are "'most unusual,' 'far from common,' [or with] 'little or no precedent.'" *Fernandez*, 104 F.4th at 428. Finally, for reasons the Government explains, Dominguez-Gabriel is not eligible for a reduced sentence under any of the amendments to the Sentencing Guidelines he cites. *See* Gov't Opp'n 8-9.

Second, and in any event, the Court concludes that a reduction would not be "consistent with" the Section 3553(a) factors. *See, e.g.*, *United States v. Jones*, 17 F.4th 371, 374 & n.3 (2d Cir. 2021) (per curiam) (noting that "a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release" (internal quotation marks omitted) (citing cases)). In 2011, Judge Patterson considered the Section 3553(a) factors at sentencing and imposed a below-Guidelines sentence "in view of the fact that this is [D]efendant's first offense." Sentencing Tr. 65. As noted, however, Dominguez-Gabriel continued to traffic narcotics even while in custody, a subsequent offense to which he pleaded guilty. He has also received several disciplinary incidents while incarcerated. *See* Gov't Opp'n 7. Consideration of the Section 3553(a) factors thus counsels against a reduced sentence.

Dominguez-Gabriel asserts two further requests for relief, neither of which has merit. *See* Def.'s Mem. 4. He first requests that his 240-month sentence run concurrently with his 120-month sentence in the Eastern District of Pennsylvania, but the sentences are already concurrent. *See* Gov't Opp'n 9-10. Second, he requests in passing that the Court "reaffirm his treaty transfer

3

approval to Mexico," Def.'s Mem. 4, but his prior transfer request was apparently denied, Gov't Opp'n 10. Dominguez-Gabriel's miscellaneous requests for relief are accordingly denied.

For the foregoing reasons, Dominguez-Gabriel's motion is DENIED as meritless. The Clerk of Court is directed to terminate ECF No. 165 and to mail a copy of this Memorandum Opinion and Order to:

> Hector Dominguez-Gabriel
> Register No. 86202-004
> FCI Allenwood Low
> Federal Correctional Institution
> P.O. Box 1000
> White Deer, PA 17887

SO ORDERED.

Dated: August 8, 2025
New York, New York

JESSE M. FURMAN
United States District Judge

4